## McCloy *et al. versus* Maffett's Administrator.

1. A rule of court provided that where the plaintiff's claim might be proved by books of original entry, if he shall file a sworn account as taken from such books, it shall be admitted in evidence, unless the defendant by affidavit filed with his plea, shall state he had no such dealing with the plaintiff, or that he believes the production of the plaintiff's books is necessary for a just decision. The purpose of the rule is to dispense with the production of the books, and allow the sworn copy to be given in evidence, wherever the books would be evidence.

2. A defendant in his affidavit alleged only that the prices charged in the plaintiff's account were too high: *held*, that the plaintiff's account might be read in evidence under the rule.

3. The books of original entry would have been primâ facie evidence both of sale and delivery and of the prices, and the burden of showing the prices were too much would have been on the defendant; the admission of the sworn copy imposed no additional burden.

4. A rule of court provided that if the plaintiff file a sworn specification of items and facts necessary to support it, such items and facts as are not traversed or denied by the affidavit of defence shall be taken as admitted. This rule does not embrace demands which may be proved by books of original entry.

November 2d 1868. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., absent.

Error to the Court of Common Pleas of *Allegheny county :* Of October and November Term 1868, No. 3.

This was an action of assumpsit, issued March 2d 1867, by Morris Tindle, administrator, &c., of John Maffett, deceased, against A. W. McCloy and James McCloy, partners, trading as McCloy & Brothers.

The plaintiff filed with his præcipe an account, amounting to $414.69, of which two of the items were:—

| | |
|---|---|
| 1 escape-pipe, . . . . . . | $10 |
| 28 days fitting up, . . . . . | 196 |

[McCloy v. Maffett's Administrator.]

Appended to the account was an affidavit, that "the annexed account is correctly copied from the books of original entry of John Maffett, that the charges were made in the books at or about the time of their respective dates; that the goods were sold and delivered as charged," &c.

The defendants filed an affidavit of defence, as follows:—

"1. The plaintiff charges $56 too much on the item (fitting up 28 days, $196.)  By agreement the work was to have been $5 per day, and he has charged $7 per day.

"We are charged $3.75 too much in the item '1 scape-pipe, $10.'

"3. Defendants are entitled to a reduction of $8.90 on pipe.

"4. Defendants were put to extra expense to the amount of at least $30, in consequence of the negligent and unskilful manner in which the work was done by plaintiff."

The rules of the Court of Common Pleas of Allegheny county provide:—

4. "In actions where the demand may be proved by books of original entry, if the plaintiff shall file, with or before his declaration, a sworn account, as taken from his original books of entry, the same shall be admitted as evidence, unless the defendant, by affidavit filed with or before his plea, shall state that he had no such dealings with the plaintiff as those stated in the account filed, or that he verily believes the production of the plaintiff's books of original entry, on the trial, is necessary to a just decision of the cause."

5. "If the plaintiff shall file with his præcipe a specification of the items of his claim, and statement of facts necessary to support it, verified by affidavit, such items of the claim and material averments of facts as are not directly traversed or denied by the affidavit of defence shall be taken as admitted."

On the trial, before Mellon, A. J., the plaintiff offered to read as evidence his bill as filed.  The defendants objected to reading the items of the claim as above stated, because they had been traversed by their affidavit of defence.  The court admitted the evidence and sealed a bill of exceptions.

No other evidence was given on either side.

The jury found for the plaintiff $430.75.

The plaintiff took a writ of error and assigned for error the admission of the evidence objected to.

*C. B. M. Smith*, for plaintiffs in error.

*D. Reed*, for defendant in error, cited Wickersham v. Russell, 1 P. F. Smith 73.

The opinion of the court was delivered, November 16th 1868, by

[McCloy *v.* Maffett's Administrator.]

WILLIAMS, J.—The rule of court under which the plaintiff below was permitted to read in evidence the sworn copy of the account annexed to the affidavit of claim filed in this case, as taken from the books of original entry of his intestate, was intended to dispense with the production of the books at the trial, and to allow the sworn copy to be given in evidence in all cases where the books of original entry, if produced and proved, would be evidence of the items charged therein.  The meaning of the rule is as obvious as the purpose for which it was intended.  Its language is free from all doubt or ambiguity, and admits of but one construction.  The rule provides in express terms that the sworn account as taken from the plaintiff's books of original entry, "shall be admitted as evidence, unless the defendant, by affidavit filed with or before his plea, shall state that he had no such dealings with the plaintiff as those stated in the account filed, or that he verily believes the production of the plaintiff's books of original entry on the trial is necessary to a just decision of the cause."

It is true that the defendants below, in their affidavit of defence, objected to the prices of two of the items as charged in the plaintiff's account, and alleged that the prices charged therefor were too much, specifying the amount of the excess on each of the items; but they did not allege that they had no such dealings with plaintiff's intestate as those stated in the account, or that the production of the intestate's books of original entry on the trial, was necessary to a just decision of the cause; on the contrary, the affidavit of defence impliedly admits that the defendants had such dealings with him, and, therefore, the court properly admitted the sworn copy of the account as taken from his books in evidence.  And there was no hardship in this of which the plaintiffs in error, who were defendants below, had a right to complain.  If the books of original entry had been produced and offered in evidence on the trial, they would have been primâ facie evidence, not only of the items themselves, but of the prices charged therefor; and the burden of showing that the prices charged exceeded the amount agreed to be paid, or that they were excessive, would have been on the plaintiff in error.  The admission of the sworn copy of the account did not impose upon them any additional burthen of proof in order to make out their alleged defence.  It merely superseded the necessity of producing and proving the intestate's books, thereby answering the very purpose intended by the rule.

The other rule, cited in the paper-book of the plaintiffs in error, which provides that "if the plaintiff shall file, with his præcipe, a specification of the items of his claim and statement of facts necessary to support it, verified by affidavit, such items of the claim and material averment of facts as are not directly traversed

or denied by the affidavit of defence shall be taken as admitted," has no relevancy or application to the question raised in this case. It was not intended to embrace a case where the demand may be proved by books of original entry, and where the plaintiff files with or before his declaration a sworn copy of his account as taken from his books of original entry. If the plaintiff, instead of filing a sworn copy of his intestate's account, had filed a specification of the items of his claim, and a statement of the facts necessary to support it, in accordance with this rule, the affidavit of the defendants would have been sufficient to prevent the items objected to from being taken as admitted. But as the rule under which the plaintiff filed the sworn copy of his intestate's account, clearly authorized its admission in evidence, the judgment must be affirmed.

Judgment affirmed.